1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SHARON N. DAILEY,                          No.  2:23-cv-0786 KJN P

12                 Plaintiff,

13          v.                                   ORDER

14    JOHN B. ELLIS, et al.,

15                 Defendants.

16

17          Plaintiff is a pretrial detainee, proceeding pro se.  Plaintiff seeks relief pursuant to 42

18    U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19    This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21    Accordingly, the request to proceed in forma pauperis is granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23    §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

24    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26    forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments

27    of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

28    payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

1  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2  § 1915(b)(2).

3         As discussed below, plaintiff's complaint is dismissed with leave to amend.

4  I.  Screening Standards

5         The court is required to screen complaints brought by prisoners seeking relief against a

6  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

7  court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

8  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

9  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

10        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

13 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

17 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

18 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

19 1227.

20        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

21 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

22 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

23 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

24 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

25 formulaic recitation of the elements of a cause of action;" it must contain factual allegations

26 sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

27 However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

28 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

2

1   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

2   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

3   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

4   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

5   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

6          The Civil Rights Act

7          To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal

8   constitutional or statutory right; and (2) that the violation was committed by a person acting under

9   the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d

10  930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the

11  facts establish the defendant's personal involvement in the constitutional deprivation or a causal

12  connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

13  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44

14  (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable

15  for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679

16  (2009).  The requisite causal connection between a supervisor's wrongful conduct and the

17  violation of the prisoner's constitutional rights can be established in a number of ways, including

18  by demonstrating that a supervisor's own culpable action or inaction in the training, supervision,

19  or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202,

20  1208 (9th Cir. 2011).

21  II.  Discussion

22         The court finds the allegations in plaintiff's complaint so vague and conclusory that it is

23  unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

24  complaint is made more difficult to screen because plaintiff failed to identify each defendant and

25  his or her employer, which is also required to accomplish service of process.  The court

26  determines that the complaint does not contain a short and plain statement as required by Fed. R.

27  Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must

28  give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev.

3

1   Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of

2   particularity overt acts which each defendant engaged in that support plaintiff's claim.  Id.

3   Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint

4   must be dismissed.  The court will, however, grant leave to file an amended complaint.

5           A.   Potentially Putative Claims

6           Plaintiff makes vague reference to "medical indifference," and claims she is not receiving

7   the "correct" medical care or the "necessary" medical care outside of the jail.  But plaintiff

8   provides no specific facts as to the nature of her medical need, or what individual, if any,

9   intentionally denied her medical care.

10          A pretrial detainee's claim arises under the Fourteenth Amendment's Due Process Clause

11  and is governed by an objective deliberate-indifference standard rather than the subjective one

12  that applies to a state prisoner's claim.

13          [T]he elements of a pretrial detainee's medical care claim against an
            individual defendant under the due process clause of the Fourteenth
14          Amendment are:  (i) the defendant made an intentional decision with
            respect to the conditions under which the plaintiff was confined; (ii)
15          those conditions put the plaintiff at substantial risk of suffering
            serious harm; (iii) the defendant did not take reasonable available
16          measures to abate that risk, even though a reasonable official in the
            circumstances would have appreciated the high degree of risk
17          involved -- making the consequences of the defendant's conduct
            obvious; and (iv) by not taking such measures, the defendant caused
18          the plaintiff's injuries.

19  Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).  For the third element, the

20  defendant's conduct must be objectively unreasonable, "a test that will necessarily 'turn[ ] on the

21  facts and circumstances of each particular case.'"  Id. (alteration in original) (quoting Castro v.

22  County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016)).  "[T]he plaintiff must 'prove more

23  than negligence but less than subjective intent -- something akin to reckless disregard."  Id.

24  (quoting Castro, 833 F.3d at 1071).

25          If plaintiff chooses to amend her complaint to pursue a particular medical claim, she must

26  set forth facts meeting each element set forth in Gordon.

27          Plaintiff also makes a passing reference to "excessive force," but provides no facts

28  explaining the circumstances or context for such claim.

4

1    The Fourteenth Amendment's Due Process Clause applies to the use of excessive force

2    against pretrial detainees that amounts to punishment.  Kingsley v. Hendrickson, 576 U.S. 389,

3    397 (2015); Gibson v. County of Washoe, 290 F.3d 1175, 1197 (9th Cir. 2002).  Force is

4    excessive if the officers' use of force was "objectively unreasonable" in light of the facts and

5    circumstances confronting them, without regard to their mental state.  Kingsley, 576 U.S. at 396;

6    see also Graham v. Connor, 490 U.S. 386, 397 (1989) (applying an objectively unreasonable

7    standard to a Fourth Amendment excessive force claim arising during an investigatory stop).  In

8    determining whether the use of force was reasonable, the Court should consider factors including,

9    but not limited to

10
11        the relationship between the need for the use of force and the amount
          of force used; the extent of the plaintiff's injury; any effort made by
          the officer to temper or to limit the amount of force; the severity of
12        the security problem at issue; the threat reasonably perceived by the
          officer; and whether the plaintiff was actively resisting.

13   Kingsley, 576 U.S. at 397.  Because officers are often forced to make split-second decisions in

14   rapidly evolving situations, the reasonableness of a particular use of force must be made "from

15   the perspective of a reasonable officer on the scene, including what the officer knew at the time,

16   not with the 20/20 vision of hindsight."  Id. at 2473-74 (citing Graham, 490 U.S. at 396).  Further,

17   "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's

18   chambers," violates the Constitution.  Graham, 490 U.S. at 396 (citation omitted).

19       Plaintiff's complaint does not address all of the factors set forth above and does not

20   identify each defendant and what such defendant did or did not do that allegedly violated

21   plaintiff's rights.  Plaintiff is granted leave to amend to address the above factors and identify the

22   culpable individuals.

23       B.  Claims Not Cognizable in a § 1983 Action

24           1.  Defamation/Libel

25       A federal civil rights action under 42 U.S.C. § 1983 "is not itself a source of substantive

26   rights," but rather provides "a method for vindicating federal rights elsewhere conferred."  Baker

27   v. McCollan, 443 U.S. 137, 144, n.3 (1979).  In other words, plaintiffs must specifically allege the

28   constitutional right that was violated.  Graham v. Connor, 490 U.S. 386, 394 (1989); Baker, 443

5

1  U.S. at 140.  Therefore, to the extent plaintiff attempts to raise a defamation or libel claim, such

2  claim alone does not rise to the level of a federal constitutional violation.  See Williams v.

3  Gorton, 529 F.2d 668, 670 (9th Cir. 1976) (stating defamation itself does not establish cause of

4  action under Section 1983; it is deprivation of constitutional rights for which Civil Rights Act

5  creates remedy).  "To establish a civil rights claim under 42 U.S.C. § 1983, a plaintiff must assert

6  more than a violation of state tort law -- he [or she] must show that the defendant deprived him

7  [or her] of an interest protected by the Constitution or federal law."  Weiner v. San Diego Cty.,

8  210 F.3d 1025, 1032 (9th Cir. 2000) (citing Paul v. Davis, 424 U.S. 693, 712 (1976)); Hernandez

9  v. Johnson, 833 F.2d 1316, 1319 (9th Cir. 1987) (libel and slander claims precluded by Paul);

10  Sadler v. Dutton, 2017 WL 3217119, at *6 (D. Mont. June 1, 2017), adopted, 2017 WL 3219479

11  (D. Mont. July 28, 2017).  Specifically, plaintiff must join her defamation claim to a recognizable

12  Section 1983 wrong.  See Buckey v. Cty. of Los Angeles, 968 F.2d 791, 795 (9th Cir. 1992).

13  Thus, to the extent plaintiff attempts to bring a federal civil rights action for defamation or libel,

14  such effort fails.

15         Further, exhibits to plaintiff's complaint demonstrate that she is already pursuing

16  defamation and libel claims in the Solano County Superior Court in Case No. FCS058766.  (ECF

17  No. 1 at 52-77,)

18                        2.  Property Damage

19         Plaintiff makes vague references to property damage.

20         The United States Supreme Court has held that "an unauthorized intentional deprivation

21  of property by a state employee does not constitute a violation of the procedural requirements of

22  the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for

23  the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state

24  provides a meaningful postdeprivation remedy, only authorized, intentional deprivations

25  constitute actionable violations of the Due Process Clause.  An authorized deprivation is one

26  carried out pursuant to established state procedures, regulations, or statutes.  Piatt v. McDougall,

27  773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142,

28  1149 (9th Cir. 1987).  Here, plaintiff has not alleged any facts which suggest that the deprivation

1   was authorized.  The California Legislature has provided a remedy for tort claims against public

2   officials in the California Government Code, §§ 900, et seq.  Because plaintiff has not attempted

3   to seek redress in the state system, she cannot sue in federal court on the claim that the state

4   deprived her of property without due process of the law.

5           C.   Improper Defendants

6           To the extent plaintiff is attempting to sue the state court trial judge or the district attorney

7   or prosecutor, such effort is unavailing.

8           The Supreme Court has held that judges acting within the course and scope of their

9   judicial duties are absolutely immune from liability for damages under § 1983.  Pierson v. Ray,

10   386 U.S. 547 (1967).  A judge is "subject to liability only when he has acted in the 'clear absence

11   of all jurisdiction.'"  Stump v. Sparkman, 435 U.S. 349, 356-7 (1978), quoting Bradley v. Fisher,

12   13 Wall. 335, 351 (1872).  A judge's jurisdiction is quite broad.  The two-part test of Stump v.

13   Sparkman determines its scope:

14           The relevant cases demonstrates that the factors determining whether
         an act by a judge is a 'judicial' one relate to the nature of the act
15           itself, i.e., whether it is a function normally performed by a judge and
         to the expectation of the parties, i.e., whether they dealt with the
16           judge in his judicial capacity.

17   Id. at 361.  Therefore, the judge's actions taken during the course of the criminal proceedings

18   against plaintiff are absolutely immune from liability for § 1983 damages.

19           Prosecutors are also absolutely immune from civil suits for damages under § 1983 which

20   challenge activities related to the initiation and presentation of criminal prosecutions.  Imbler v.

21   Pachtman, 424 U.S. 409 (1976).  A prosecutor is protected by absolute immunity from liability in

22   a civil rights suit for damages "when performing the traditional functions of an advocate." Kalina

23   v. Fletcher, 522 U.S. 118, 131 (1997) (citing Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

24   A prosecutor's advocacy functions are those activities that are "intimately associated with the

25   judicial phase of the criminal process. . . ."  Imbler, 424 U.S. at 430.  Such activities include,

26   among other things, "initiating a prosecution and [ ] presenting the State's case" at trial, even if

27   such activities involve "the knowing use of false testimony at trial, the suppression of exculpatory

28   evidence, and malicious prosecution."  Id. at 431.  Typical activities protected by prosecutorial

1   immunity include "acts undertaken by a prosecutor in preparing for the initiation of judicial

2   proceedings or for trial, and which occur in the course of [the prosecutor's] role as an advocate

3   for the State." Buckley, 509 U.S. at 273.  Thus, the prosecutor's actions taken during the

4   prosecution of plaintiff are barred by prosecutorial immunity.

5               D.  Improper Relief

6                     i.  Quash Warrant and Suppress Evidence

7       Plaintiff asks this court to "quash warrant and suppress all evidence."  (ECF No. 1 at 7.)

8   Plaintiff appends copies of motions to quash search warrants and suppress evidence which bear

9   the Solano County Superior Court Case No. FCR360045.  (ECF No. 1 at 9-44.)  Plaintiff must

10   pursue such requests in the Solano County Superior Court.  As of December 4, 2023, Solano

11   County Superior Court Case No. FCR360045 remained pending.[1]

12       Moreover, a federal district court does not have jurisdiction to review errors in state court

13   decisions in civil cases.  Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476

14   (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923).  "The district court lacks subject

15   matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the

16   state court's application of various rules and procedures pertaining to the state case."  Samuel v.

17   Michaud, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996), aff'd, 129 F.3d 127 (9th Cir. 1997).  See

18   also Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir.1995) (finding no subject matter jurisdiction

19   over section 1983 claim seeking, inter alia, implicit reversal of state trial court action); MacKay v.

20   Pfeil, 827 F.2d 540, 544-45 (9th Cir. 1987) (attacking state court judgment because substantive

21   defense improper under Rooker-Feldman).  That the federal district court action alleges the state

22   court's action was unconstitutional does not change the rule.  Feldman, 460 U.S. at 486.

23

24   [1] The court may take judicial notice of facts that are "not subject to reasonable dispute
because it . . . can be accurately and readily determined from sources whose accuracy cannot
25   reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on
official websites.  Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir.
26   2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v.
Martel, 601 F.3d 882, 885 (9th Cir. 2010).  The address of the official website of the Solano
27   County Superior Court is <https://portal.solano.courts.ca.gov/?q=node/394/256390> (accessed
Dec. 4, 2023).
28

ii. Release from Jail

To the extent plaintiff seeks release from jail, plaintiff is advised that as a general rule, a claim that challenges the fact or duration of an inmate's confinement should be addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Ramirez v. Galaza, 334 F.3d 850, 858-859 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004). Thus, to the extent plaintiff seeks release from custody, she must file a petition for writ of habeas corpus.[2] To the extent plaintiff seeks release for the limited purpose of receiving medical care, medical officials at the county jail determine whether outside medical care is required and arrange transport. If plaintiff wishes to arrange her own outside medical care, she may wish to seek the advice of her public defender referenced in her complaint. (ECF No. 1 at 108.) In any event, plaintiff may not obtain release from custody through a civil rights action under 42 U.S.C. § 1983.

E. Improper Joinder

Finally, plaintiff's disparate claims comprise a "shotgun" or "kitchen sink" complaint, where she raises unrelated claims against unrelated defendants. Thus, the complaint also does not comply with Rule 20(a)(2) of the Federal Rules of Civil Procedure, which provides that the right to relief against multiple defendants must arise out of common events and reflect common questions of law or fact. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("[u]nrelated claims against different defendants belong in different suits."). In any amended complaint, plaintiff should limit her claims to those that arise from common questions of law or fact; alternatively, plaintiff may name a single defendant and bring such claims as she may have against that defendant, see Fed. R. Civ. P. 18(a).

F. Exhaustion of Administrative Remedies

"The Prison Litigation Reform Act of 1995 ("PLRA") mandates that an inmate exhaust

---

[2] The undersigned notes that plaintiff appended pages of a habeas corpus petition. (ECF No. 1 at 50-51, 105-07. But plaintiff may not pursue civil rights claims and challenge her confinement in the same action. Ramirez v. Galaza, 334 F.3d at 858-859.

1    'such administrative remedies as are available' before bringing suit to challenge prison

2    conditions." Ross v. Blake, 136 S. Ct. 1850, 1854-55 (2016) (quoting 42 U.S.C. § 1997e(a)). The

3    availability of administrative remedies must be assessed at the time the inmate filed the action.

4    Andres v. Marshall, 867 F.3d 1076, 1079 (9th Cir. 2017).  "There is no question that exhaustion

5    is mandatory under the PLRA[.]" Jones v. Bock, 549 U.S. 199, 211 (2007) (citation omitted)

6    (cited with approval in Ross, 136 S. Ct. at 1856).  "[T]he PLRA's exhaustion requirement applies

7    to all inmate suits about prison life, whether they involve general circumstances or particular

8    episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534

9    U.S. 516, 532 (2002).

10         Proper exhaustion of available remedies is mandatory, Booth v. Churner, 532 U.S. 731,

11   741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other

12   critical procedural rules[.]" Woodford v. Ngo, 548 U.S. 81, 90 (2006).  The Supreme Court has

13   also cautioned against reading futility or other exceptions into the statutory exhaustion

14   requirement.  See Booth, 532 U.S. at 741 n.6; Ross, 578 U.S. at 639-40.  Moreover, because

15   proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by

16   filing an untimely or otherwise procedurally defective administrative grievance or appeal.  See

17   Woodford, 548 U.S. at 90-93.  "[T]o properly exhaust administrative remedies prisoners 'must

18   complete the administrative review process in accordance with the applicable procedural rules,' []

19   - rules that are defined not by the PLRA, but by the prison [or jail] grievance process itself."

20   Jones v. Bock, 549 U.S. at 218 (quoting Woodford, 548 U.S. at 88).

21         "[F]ailure to exhaust is an affirmative defense under the PLRA." Jones v. Bock, 549 U.S.

22   at 216.  It is the defendant's burden "to prove that there was an available administrative remedy."

23   Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc) (citing Hilao v. Estate of Marcos,

24   103 F.3d 767, 778 n.5 (9th Cir. 1996)).  The burden then "shifts to the prisoner to come forward

25   with evidence showing that there is something in his particular case that made the existing and

26   generally available administrative remedies unavailable to him." Id.

27         A prisoner is required to exhaust administrative remedies before filing suit. McKinney v.

28   Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curium).  Section 1997e(a) mandates that "[n]o

1    action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted.  42

2    U.S.C. § 1997e(a).  "The 'available' 'remed[y]' must be 'exhausted' before a complaint under

3    § 1983 may be entertained."  <u>Booth</u>, 532 U.S. at 738.  "Exhaustion subsequent to the filing of suit

4    will not suffice."  <u>McKinney</u>, 311 F.3d at 1199.

5          In her complaint, plaintiff claims there is no grievance process for court orders.  (ECF No.

6    1 at 4-6.)  However, plaintiff is cautioned that if she amends her complaint to bring Fourteenth

7    Amendment claims for specific instances of denial of medical care or the alleged use of excessive

8    force, she must have exhausted such claims through the jail's administrative process <u>prior</u> to the

9    filing date of the instant action.

10   <u>Leave to Amend</u>

11         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

12   about which he complains resulted in a deprivation of plaintiff's constitutional rights.  <u>See, e.g.</u>,

13   <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how

14   each named defendant is involved.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976).  There can be no

15   liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

16   defendant's actions and the claimed deprivation.  <u>Rizzo</u>, 423 U.S. at 371; <u>May v. Enomoto</u>, 633

17   F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official

18   participation in civil rights violations are not sufficient.  <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266,

19   268 (9th Cir. 1982).

20         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

21   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

22   complaint be complete in itself without reference to any prior pleading.  This requirement exists

23   because, as a general rule, an amended complaint supersedes the original complaint.  <u>See Ramirez</u>

24   <u>v. County of San Bernardino</u>, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

25   supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

26   omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

27   function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

28   and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

    1. Plaintiff's request for leave to proceed in forma pauperis is granted.

    2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Sheriff of Solano County filed concurrently herewith.

    3. Plaintiff's complaint is dismissed.

    4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a. The completed Notice of Amendment; and

        b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

    Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  December 6, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/dail0786.14n

12

1

2

3

4

5

6

7

8                                 UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     SHARON N. DAILEY,                              No.  2:23-cv-0786 KJN P

12                     Plaintiff,

13           v.                                       NOTICE OF AMENDMENT

14     JOHN B. ELLIS, et al.,

15                     Defendants.

16           Plaintiff hereby submits the following document in compliance with the court's order

17     filed_____.

18                          _____        Amended Complaint
       DATED:
19

20

21                                                 _____
                                                   Plaintiff
22

23

24

25

26

27

28