UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON N. DAILEY,<br><br>Plaintiff,<br><br>v.<br><br>JOHN B. ELLIS, et al.,<br><br>Defendants. | No. 2:23-cv-0786 TLN CSK P<br><br><br><br>ORDER |

I. INTRODUCTION

Plaintiff is a former pretrial detainee proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and is proceeding in forma pauperis. This proceeding was referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. On March 4, 2024, it was recommended that this action be dismissed based on plaintiff's failure to timely file an amended complaint. (ECF No. 12.) On March 28, 2024, plaintiff was granted an extension of time to file objections along with a proposed amended complaint. (ECF No. 14.) Subsequently, plaintiff filed an amended complaint, along with a motion to consolidate this case with her other pending case, Dailey v. Solano County Sheriff, Case No. 2:23-cv-0788 TLN CKD P (E.D. Cal.).

As discussed below, the pending findings and recommendations are vacated, plaintiff's amended complaint is dismissed with leave to amend, and the motion to consolidate is denied without prejudice.

1

II.     FINDINGS AND RECOMMENDATIONS

Because plaintiff filed an amended complaint, the March 4, 2024 findings and recommendations (ECF No. 12) are vacated.

III.    AMENDED COMPLAINT

Plaintiff's amended complaint (ECF No. 16) is before the court.

A.      Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

B. The Civil Rights Act

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

C. Discussion

Initially, the Court observes that plaintiff's amended complaint addresses different incidents that took place during her pretrial detention at the Solano County Jail. Although plaintiff breaks out allegations by defendant, her pleading makes it difficult to ascertain who she is suing and for what. In addition, plaintiff refers the reader to other pages, apparently referring to her original complaint, but plaintiff must include all specific factual allegations in the amended

complaint so that the Court and each defendant can easily determine the nature of plaintiff's claims.[1]  The Court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 (an amended complaint must be complete in itself without reference to any prior pleading).  In light of these deficiencies, the Court requires plaintiff to file her second amended complaint on the court's civil rights complaint form if she does so without benefit of counsel.

       The Court now turns to each named defendant, as well as to plaintiff's state law claims.

       1.      <u>Defendant Wellpath</u>

Plaintiff contends that Wellpath is "vicariously liable for the acts and omissions of their employees." (ECF No. 16 at 3-4.)  However, as discussed above, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  <u>Ashcroft</u>, 556 U.S. at 679.[2]  Plaintiff's reference to Wellpath's "general negligence" is insufficient to demonstrate plaintiff can state a cognizable Fourth Amendment claim against defendant Wellpath.  But plaintiff is granted leave to amend should she be able to allege facts stating a claim against defendant Wellpath.

       2.      <u>Defendant Dr. Nagar</u>

Plaintiff attempts to pursue both negligence and intentional tort causes of action against Dr. Nagar.  (ECF No. 16 at 4.)  With regard to the intentional tort cause of action, plaintiff contends Dr. Nagar prescribed Clobetazole for an open wound which made the skin on plaintiff's

---

[1] In addition, plaintiff's page references are unclear.  For example, she claims her intentional tort cause of action against Dr. Nagar provides more detail on page 28 (ECF No. 16 at 4), but the amended complaint only has 8 pages, and the original federal complaint does not have a page numbered 28.  Plaintiff initially claims that her "original State complaint" included 250 pages of exhibits. (ECF No. 16 at 1.)  But the original federal complaint only has 135 pages and includes a petition for writ of habeas corpus.  Plaintiff is reminded that once an amended complaint is filed, the original complaint is superseded and is treated as non-existent.  See <u>Ramirez of San Bernardino</u>, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).

[2] In <u>Sekhar</u>, the Supreme Court analyzed the scope of the concept of "property" for purposes of the Hobbs Act, which punishes actual or attempted extortion or robbery, and held that attempting to compel an employee to recommend that his employer approve an investment does not constitute extortion under the Hobbs Act.  <u>Id.</u>  Plaintiff fails to demonstrate how <u>Sekhar</u> is relevant to her claims.

foot deteriorate, blacken, die, and cause nerve damage, and caused the fungus to colonize and become systemic.  (Id.)  She alleges Dr. Nagar gave a "false diagnosis, . . . calling the staph infection an abscess."  (Id.)

Plaintiff appears to concede that the above allegations are insufficient to state a Fourteenth Amendment claim because she seeks an additional sixty days in which to obtain counsel to file a second amended complaint.  (ECF No. 16 at 4.)  Good cause appearing, plaintiff is granted sixty days to file a second amended complaint that complies with this order.

In an abundance of caution, plaintiff is reminded of the standards governing such medical claims.  A pretrial detainee's claim arises under the Fourteenth Amendment's Due Process Clause and is governed by an objective deliberate-indifference standard rather than the subjective one that applies to a state prisoner's claim.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are:  (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).  For the third element, the defendant's conduct must be objectively unreasonable, "a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'"  Id. (alteration in original) (quoting Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016)).  "[T]he plaintiff must 'prove more than negligence but less than subjective intent—something akin to reckless disregard."  Id. (quoting Castro, 833 F.3d at 1071).

3. Defendant Michael McDonald

Defendant Michael McDonald is an attorney with the office of County Counsel for Solano County.  (ECF No. 16 at 4.)  Plaintiff alleges that defendant McDonald was subpoenaed to court to respond to injuries plaintiff sustained.  Plaintiff states that McDonald asked the court to retain plaintiff in custody to not burden her "with having to care for herself," stated the county had

5

unlimited resources and would ensure plaintiff received the necessary treatment, and then "walked away," leaving her "in the hands of her abusers." (Id.) Plaintiff contends this constitutes deliberate indifference to her serious medical needs and cruel and unusual punishment under the Eighth Amendment. (Id.)

Private attorneys and public defenders do not act under color of state law within the meaning of 42 U.S.C. § 1983. See Polk County v. Dodson, 454 U.S. 312, 317-19 (1981). However, "[c]ounty attorneys do represent the State and do act under color of State law. But they cannot be sued for money damages for performing any function connected with representing the State in a court case." Jones v. Gallatin Cnty., 2021 WL 11555029, at *1 (D. Mont. Mar. 31, 2021) (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). Plaintiff appears to challenge McDonald's representation of the county in a state court hearing. It does not appear possible for plaintiff to amend her pleading to state a claim against defendant McDonald, but in an abundance of caution, she is granted leave to do so.

    4.  Defendant Andrew Hagen

Plaintiff alleges that despite Judge Ellis's orders, Solano County Facility Commander Lt. Andrew Hagen denied plaintiff the ability to attend her court hearings by Zoom, purposely inflicting more pain by having her handcuffed and placed in holding cells for up to nine hours, further damaging the injury to her shoulder. (ECF No. 16 at 4.) Plaintiff contends this constitutes deliberate indifference to her serious medical needs. (ECF No. 16 at 5.)

However, plaintiff included an email sent by Lt. Hagen acknowledging the court's approval of plaintiff's appearance by Zoom due to her medical condition and pain, but Hagen noted that Zoom appearances require additional staff resources which the jail did not have. (ECF No. 16 at 4.) Hagen also wrote that they accommodated Zoom appearances for defendants in medical isolation, but for those defendants, the jail typically had more time to plan for additional staffing. (Id.) Further, Hagen confirmed with the jail's medical provider that plaintiff was ambulatory, had made no recent complaints of pain, and that medical staff had observed plaintiff "walking without issue." (Id.) Hagen's email does not demonstrate that he intentionally put plaintiff at risk of serious harm or exercised reckless disregard to plaintiff's serious medical needs

6

by not allowing plaintiff to attend court hearings by Zoom. See Gordon, 888 F.3d at 1125. Further, Hagen's statement that Judge Ellis "approved" plaintiff's appearance by Zoom is not equivalent to Judge Ellis ordering the jail to allow plaintiff to appear by Zoom. Generally, jail transport issues are within the discretion of jail officials. It is unclear whether plaintiff can amend her pleading to state a cognizable claim against defendant Hagen, but in an abundance of caution, plaintiff is granted leave to amend.

### 5. Defendant Katherine Raymos

Plaintiff alleges that former Lieutenant Katherine Ramos sent emails to discourage any officer in assisting plaintiff with legal or medical needs, often asking her officers to tamper with, remove stamps, cut up legal envelopes and mail, and then rewarded those who engaged in such unlawful acts. (ECF No. 16 at 5.) Plaintiff contends Raymos "created an environment of such indifference that it became hostile situations." (Id.)

Although pro se pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

To state a § 1983 claim, a plaintiff must allege facts demonstrating that (1) acts by the defendant (2) under color of state law (3) deprived plaintiff of federal rights, privileges or immunities and (4) caused plaintiff damage. Thornton v. City of St. Helens, 425 F.3d 1158, 1163-64 (9th Cir. 2005). In addition, a plaintiff must allege a specific injury sustained as a result of the conduct of a particular defendant and must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

Here, plaintiff identifies no specific injury she sustained as a result of Raymos' alleged actions, or the particular legal theory under which plaintiff seeks relief. Plaintiff's allegations as to defendant Raymos are too vague and conclusory for the Court to determine if plaintiff can state a cognizable civil rights claim. Plaintiff is granted leave to amend.

### 6. Defendant Jeff Poblete

Plaintiff alleges that Jeff Poblete, Custody Sergeant at the Solano County Sheriff's Office,

failed to warn of hazardous environments, purposefully placing plaintiff in a mold/mildew infested environment. (ECF No. 16 at 6.)

A pretrial detainee has a right under the Due Process Clause of the Fourteenth Amendment to be free from punishment prior to an adjudication of guilt. Bell v. Wolfish, 441 U.S. 520, 535 (1979). "Pretrial detainees are entitled to 'adequate food, clothing, shelter, sanitation, medical care, and personal safety.'" Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996) (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)), overruled on other grounds as noted in Marley v. United States, 548 F.3d 1286 (9th Cir. 2008). To state a claim of unconstitutional conditions of confinement against an individual defendant, a pretrial detainee must allege facts that show:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon, 888 F.3d at 1125.

Whether the conditions and conduct rise to the level of a constitutional violation is an objective assessment that turns on the facts and circumstances of each particular case. Id.; Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005). However, "a de minimis level of imposition" is insufficient. Bell, 441 U.S. at 539 n.21. In addition, the "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." Castro, 833 F.3d at 1071 (quoting Daniels v. Williams, 474 U.S. 327, 330-31 (1986)). Thus, a plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." Id.

Plaintiff's allegations are too vague and conclusory to state a claim against defendant Poblete based on a violation of plaintiff's rights under the Due Process Clause. Plaintiff does not attempt to describe any mold or mildew she observed, and there are no allegations to connect such conditions to specific harm plaintiff purportedly suffered while detained. Plaintiff also

1  failed to allege sufficient facts to support that Poblete knew there was mold or mildew at the Jail.
2  Absent specific underlying facts to support Poblete's awareness of the challenged conditions,
3  plaintiff's assertion that Poblete "purposefully placed plaintiff in a mold/mildew infested
4  environment" is too conclusory to state a claim against Poblete. See Ashcroft, 556 U.S. at 678.
5  Plaintiff's claims against defendant Poblete are dismissed with leave to amend.

6  Plaintiff also alleges Poblete "engaged in post-arrest and pre-trial claims against
7  individual government officials under 42 U.S.C. § 1983," citing Sekhar, 570 U.S. at 733. (ECF
8  No. 16 at 6.) Such allegation is unclear, overbroad, and, as written, does not appear plausible.
9  Moreover, plaintiff fails to demonstrate how Sekhar is relevant to this claim or this action. See
10 n.2 above. Thus, plaintiff's additional claims against defendant Poblete are also dismissed with
11 leave to amend.

         7.      Solano County Sheriff

13 Finally, plaintiff alleges that the Solano County Sheriff "failed to warn of hazardous
14 environments that were not suitable to human health and consumption" while the Solano County
15 Detention Facility was under construction from November 2021 until plaintiff was released in
16 May 2023. (ECF No. 16 at 6.) Plaintiff claims that "inmates were forced to take part in, help
17 facilitate the movement of dead bodies or exposed to decomposing flesh while meals were
18 served." (Id.)

19 Plaintiff's claim against the Solano County Sheriff is devoid of specific facts
20 demonstrating the Sheriff participated in, knew of, or failed to act to prevent, an alleged
21 constitutional violation. Such lack of facts makes it difficult for the Court to determine whether
22 plaintiff's conclusory allegations are plausible or not. Plaintiff's claim against the Sheriff is
23 dismissed with leave to amend.

         8.      State Law Claims

25 Finally, plaintiff raises various negligence and other state law claims in this action. For
26 example, plaintiff alleges the background section of her amended complaint contains the factual
27 basis for her negligence claims against Dr. Nagar based on his medical care at the jail. (ECF No.
28 16 at 4.) However, such state law claims in the amended complaint fail for two reasons.

First, as discussed above, plaintiff failed to state a federal civil rights claim. Title 28 U.S.C. § 1367(a) provides, in pertinent part:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Id. Thus, in order for the Court to exercise supplemental jurisdiction over a state law claim, plaintiff must allege a cognizable federal claim, and the putative state law claim must arise from the same case or controversy as the federal claim.

Second, plaintiff's state law claims fail because she does not plead compliance with the California Government Claims Act. Section 945.4 of the Government Claims Act provides that

> [n]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board, in accordance with Chapters 1 and 2 of Part 3 of this division.

Cal. Gov't Code § 945.4. Section 950.6 provides that

> [w]hen a written claim for money or damages for injury has been presented to the employing public entity: (a) a cause of action for such injury may not be maintained against the public employee or former public employee whose act or omission caused such injury until the claim has been rejected, or has been deemed to have been rejected, in whole or in part by the public entity.

Cal. Gov't Code § 950.6; see also Creighton v. City of Livingston, 628 F. Supp. 2d 1199, 1225 (E.D. Cal. 2009) ("A plaintiff's supplemental state law claims against a California public agency are barred unless the plaintiff has complied with the requirements of the [Government] Claims Act before commencing a civil action.") (citing Mangold v. Cal. Pub. Util. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995)).

The claims-presentation requirement "constitutes an element of any cause of action arising under the Government Claims Act." Mohsin v. Cal. Dep't of Water Res., 52 F. Supp. 3d 1006,

1017-18 (E.D. Cal. 2014). Failure to meet this requirement subjects a claim to dismissal for failure to state a cause of action. Yearby v. California Dep't of Corr., 2010 WL 2880180, at *4-5 (E.D. Cal. July 21, 2010), findings and recommendations adopted, 2010 WL 3769108 (E.D. Cal. Sept. 22, 2010). "Plaintiffs must 'allege facts demonstrating or excusing compliance with the claim presentation requirements.'" Butler v. Los Angeles County, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008) (quoting State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1239 (2004) (holding that "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action")).

Because plaintiff has not alleged that she complied with the Government Claims Act, her state law claims are dismissed. Thus, if plaintiff seeks to assert a supplemental state law claim in her second amended complaint, she must affirmatively allege compliance with the Government Claims Act requirements described above.

D.  Conclusion

The Court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The Court has determined that the amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. However, the Court grants plaintiff leave to file a second amended complaint.

IV.   LEAVE TO AMEND

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended

11

1  complaint must allege in specific terms how each named defendant is involved.  There can be no

2  liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

3  defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371-72, 377; May v.

4  Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.  Furthermore, vague and

5  conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey,

6  673 F.2d at 268.

7       A second amended complaint must be complete in itself without reference to any prior

8  pleading.  Local Rule 220; see Ramirez, 806 F.3d at 1008.  Once plaintiff files a second amended

9  complaint, the original or prior pleading is superseded and treated as non-existent.  See Ramirez,

10  806 F.3d at 1008.

11  V.     MOTION TO CONSOLIDATE

12       Along with her amended complaint, plaintiff requested that the Court combine her

13  subsequently filed action, Case No. 2:23-cv-0788 TLN CKD P, with this action.  Indeed, plaintiff

14  filed the same amended complaint and request to combine cases in both this action and Case No.

15  2:23-cv-0788 TLN CKD P.  The Court construes her motion as a motion to consolidate the two

16  actions.

17       "If actions before the court involve a common question of law or fact, the court may:

18  (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or

19  (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a).  Under Rule

20  42, the Court has "broad discretion" to consolidate cases pending in the same district either upon

21  motion by a party or sua sponte.  In re Adams Apple., Inc., 829 F.2d 1484, 1487 (9th Cir. 1987).

22  In exercising this discretion, the Court "weighs the saving of time and effort consolidation would

23  produce against any inconvenience, delay, or expense that it would cause."  Huene v. United

24  States, 743 F.2d 703, 704 (9th Cir. 1984), overruled on other grounds by Hall v. Hall, 584 U.S. 59

25  (2018).

26       Because plaintiff filed the same amended complaint in both actions, there is nothing of

27  substance to consolidate, and no judicial economy would be served by consolidating the two

28  actions.  Instead, because the amended complaint filed in the subsequent action is duplicative, the

action should be dismissed unless plaintiff seeks to file a second amended complaint that differs from the instant amended complaint.  Plaintiff cannot pursue the same claims in two different federal actions pending at the same time.  In the alternative, plaintiff may request that her subsequent action be voluntarily dismissed.

Moreover, in the amended complaint plaintiff attempts to pursue unrelated claims against unrelated defendants in the same action.

Rule 20(a) provides that all persons may be joined as defendants in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  See also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits").  If unrelated claims are improperly joined, the court may dismiss them without prejudice.  Fed. R. Civ. P. 21; Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissing under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)); 7 Alan Wright, Arthur Miller & Mary Kay Kane, Richard Marcus, Federal Practice and Procedure § 1684 (3d ed. 2012).

Here, plaintiff's claims arose from at least four different incidents involving different defendants, and therefore are not properly joined in one action.  Certainly, plaintiff may pursue her Fourteenth Amendment medical claims against defendant Dr. Nagar in one action because they involve questions of law and fact common to Dr. Nagar.  However, her claims against defendant Raymos and defendant Poblete are wholly unrelated to plaintiff's medical claims and would not involve questions of law or fact common to Dr. Nagar, or to each other, for that matter.  Plaintiff must decide what claims she intends to pursue in this action and file a second amended complaint pursuing only related claims in this action.  Plaintiff could then seek leave to file a second amended complaint in Case No. 2:23-cv-0788 TLN CKD P to pursue her other claims in that case.  The Court finds that no savings of time or effort would result from consolidating these two actions and therefore denies plaintiff's motion to consolidate (ECF No. 16) without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The March 4, 2024 findings and recommendations (ECF No. 12) are vacated.

2. Plaintiff's amended complaint is dismissed.

3. Plaintiff's request for sixty days to file a second amended complaint (ECF No. 16 at 4) is granted.

4. Plaintiff is granted sixty days from the date of service of this order to file a second amended complaint that:

    (a) raises closely related claims as defined in Rule 20(a) of the Federal Rules of Civil Procedure;

    (b) complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice;

    (c) bears the docket number assigned this case and be labeled "Second Amended Complaint"; and

    (d) if plaintiff files the second amended complaint without counsel, the second amended complaint must be filed on the Court's civil rights complaint form.

In addition, plaintiff must file an original and two copies of the second amended complaint. Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. Plaintiff's motion to consolidate (ECF No. 16) is denied without prejudice.

6. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint under 42 U.S.C. § 1983 by a prisoner.

Dated: July 8, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/dail0786.14amd

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON N. DAILEY,<br><br>            Plaintiff,<br><br>     v.<br><br>JOHN B. ELLIS, et al.,<br><br>            Defendants. | No. 2:23-cv-0786 TLN CSK P<br><br><br>NOTICE OF AMENDMENT |

Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐   Second Amended Complaint

(Check this box if submitting a Second Amended Complaint)

DATED: _____

_____
Plaintiff