UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON N. DAILEY,<br><br>         Plaintiff,<br><br>    v.<br><br>JOHN B. ELLIS, et al.,<br><br>         Defendants. | No. 2:23-cv-0786 TLN CSK P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding without counsel with this civil rights action filed pursuant to 42 U.S.C. § 1983. For the reasons stated herein, this Court recommends that this action be dismissed for plaintiff's failure to prosecute.

The Court record reflects that the October 18, 2024 order served on plaintiff's address of record was returned by the United States Postal Service. It appears that plaintiff failed to comply with Local Rule 183(b), which requires that a party appearing in propria persona inform the court of any address change.

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. Thompson v. Housing Auth.,

1

1 | City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on
2 | a party's failure to prosecute an action, obey a court order, or comply with local rules.  See, e.g.,
3 | Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with
4 | a court order to amend a complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th
5 | Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d
6 | 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).
7 | In determining whether to dismiss an action, the Court must consider several factors: (1) the
8 | public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket;
9 | (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
10 | their merits; and (5) the availability of less drastic sanctions.  Carey v. King, 856 F.2d 1439, 1440
11 | (9th Cir. 1988).
12 |       Here, plaintiff failed to file a notice of change of address again.[1]  The Court cannot
13 | effectively manage its docket if plaintiff ceases litigating her case.  In addition, this district court
14 | in particular has a strong need and interest in managing its docket given the extremely high
15 | caseload in the Eastern District of California.  Thus, this Court finds that the first and second
16 | factors—the public's interest in expeditious resolution of litigation and the Court's need to
17 | manage its docket—weigh in favor of dismissal.  The third factor—prejudice to defendants—does
18 | not weigh in favor of dismissal because defendants have not been served.  See Pagtalunan v.
19 | Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("[T]he government has not been ordered to respond to
20 | Pagtalunan's habeas petition.  We have previously recognized that pendency of a lawsuit is not
21 | sufficiently prejudicial in and of itself to warrant dismissal."); Hunter v. Sandoval, 2018 WL
22 | 6570870 at *2 (C.D. Cal. Dec. 12, 2018) (finding no prejudice to a defendant who had not yet
23 | been served).  The fourth factor—public policy favoring a disposition of actions on its merits—
24 | arguably weighs against dismissal.  The fifth factor—availability of less drastic sanctions—favors
25 | dismissal.  Mail sent to plaintiff was returned on November 8, 2024.  Plaintiff has not filed a

---

[1] Plaintiff's mail was previously returned on December 18, 2023 and January 29, 2024, resulting in multiple findings and recommendations and orders subsequently vacated when plaintiff belatedly filed a change of address.  (ECF Nos. 8, 11, 12, 19.)

1  notice of change of address since that time.  Because plaintiff has apparently abandoned this
2  action, less drastic sanctions are not warranted.  The Court further notes that it has already
3  previously warned plaintiff about the consequences of failing to prosecute her case and provide
4  her current address.  (ECF Nos. 8, 11, 12, 19.)

5  Despite the lack of prejudice to defendants and the public policy favoring disposition on
6  the merits, this Court finds that the first, second and fifth factors discussed above weigh in favor
7  of dismissal.  Accordingly, this Court recommends dismissal of this action based on plaintiff's
8  failure to prosecute.

9  In accordance with the above, IT IS HEREBY RECOMMENDED that this action be
10  dismissed for failure to prosecute.

11  These findings and recommendations are submitted to the United States District Judge
12  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
13  after being served with these findings and recommendations, plaintiff may file written objections
14  with the court and serve a copy on all parties.  Such a document should be captioned
15  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
16  failure to file objections within the specified time may waive the right to appeal the District
17  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 18, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/dail0786.dlop

3